IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | **SUPERSEDING INDICTMENT**<br>CRIMINAL NO. 1:25-cr-00189-HSO-BWR |
| JAVIER EMERARDO AJCALON-GONZALEZ | 18 U.S.C. § 111(a)(1)<br>8 U.S.C. § 1324(a)(1)(A)(ii) |

**The Grand Jury charges:**

### COUNT 1

On or about October 16, 2025, in Hancock County, in the Southern Division of the Southern District of Mississippi, and elsewhere, the defendant, **JAVIER EMERARDO AJCALON-GONZALEZ**, knowingly did forcibly resist, oppose, impede, or interfere with D.H., a United States Border Patrol Agent, such that the defendant's actions involved physical contact, to wit: physically resisting arrest and struggling with Agent D.H., causing significant pain to Agent D.H., and resisting to such extent that Agent D.H.'s thumb was bent backwards and one or more cuts or abrasions were suffered to the hands of Agent D.H., while Agent D.H. was engaged in his official duty of arresting the defendant for being illegally present in the United States, and performing related duties.

All in violation of Title 18, United States Code, Section 111(a)(1).

### COUNT 2

On or about October 16, 2025, in Hancock County, in the Southern Division of the Southern District of Mississippi, and elsewhere, the defendant, **JAVIER EMERARDO AJCALON-GONZALEZ**, knowing and in reckless disregard of the fact that one or more aliens had come to, entered, and remained in the United States in violation of law, did transport and move one or more aliens within the United States by means of transportation, namely: a motor vehicle, in furtherance of such violation of law, for the purpose of commercial advantage or private financial gain.

In violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (B)(i).

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses as alleged in this Indictment, the defendant shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses. Further, if any property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Title 18, United States Code, Section 982(a)(6); Title 8, United States Code, Section 1324(b); and Title 28, United States Code, Section 2461.

J.E. BAXTER KRUGER
United States Attorney

A TRUE BILL:
s/ signature redacted
Foreperson of the Grand Jury

This indictment was returned in open court by the foreperson or deputy foreperson of the Grand Jury on this, the 9 day of December 2025.

UNITED STATES MAGISTRATE JUDGE